cc: HG
mailed copy to △

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 19 2008

at 2 o'clock and 30 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>vs.<br><br><br><br>CARLOS ANTONIO HARRIS<br>    Defendant, | CASE NO: Cr-05-00124-HG<br><br>JUDGE: HONORABLE HELEN GILMOR<br>       U.S. DISTRICT JUDGE |

MOTION S PURSUANT TO 18 U.S.C. § 3582(c)(2)
AND 3553(f) TO MODIFY SENTENCE

   **COMES NOW,** Defendant Carlos Antonio Harris, ("Harris"), Pro se, respectfully moves this Honorable Court to Modify the previously imposed sentence herein; based upon the provisions of 18 U.S.C. § 3582(c)(2) and 3553(f), which authorizes a modification whenever the sentence imposed is based upon a range which has been subsequently lowered by Amendments to the Guidelines.

   In support of [said] motion, the Defendant files and submits (as attached hereto), his memorandum in support, and respectfully ask this Honorable Court to either **Grant** the relief sought herein or set this matter for an evidentiary hearing.

<u>MEMORANDUM IN SUPPORT</u>

<u>OF MOTION TO MODIFY SENTENCE</u>

**COMES NOW,** the defendant Carlos Antonio Harris, proceeding pro se, and respectfully submitting the following facts in support to modify the term of imprisonment.

<u>FACTUAL BACKGROUND</u>

On December 8, 2005, Mr. Harris herein, charged in a One (1) count Indictment. Count one 50 grams or more charged Carlos Antonio Harris. In particular Count One 50 grams or more that Carlos Antonio Harris plead guilty to is applicable to this [said] motion to Modify sentence. The actual amount of "Crack Cocaine" relevant is 40.072 grams.

Mr. Harris submits that the case was concluded with a plea of Guilty to 1 count of 50 grams or more of crack cocaine. Following the conviction, the probation office prepared a Presentence Report which included the following information: Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine BAse, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), a class A felony from page 2, paragraph 4 of PSI.

At paragraph #4, the total amount of Cocaine BAse "Crack" involved from on about December 8, 2005, to date was 50 grams or more Count #1. At ¶4, Base offense level <u>34</u> that applied before the Retroactive Amendment was a base offense level <u>30</u> according to section 2D1.1 under the guidelines ... which reflect offense involving at least 50 grams or more grams to reflect a base offense level <u>30</u>.

In the case at hand, the PSI Report was adopted by the Honorable Court. On December 8, 2005, a sentencing hearing was held and the District Court sentenced Mr. Harris to <u>121</u> months of imprisonment which represented the Low end of the applicable base offense level and Guideline range. Mr. Harris would like to note that he did not Appeal his Conviction and Sentence.

However, Defendant remains in custody serving the sentence imposed herein, and has now been for a period of 42 months.

### PROCEDURAL SUPPORT FOR THIS MOTION

This motion, which pertains to Count One of the Indictment is governed pursuant to 18 U.S.C. § 3582(c)(2) and 3553(f) which provides in pertinent part as follows:

> (c) Modification of an imposed term of imprisonment
> The court may not modify an imposed term of imprisonment once it has been imposed except that
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 § 994(o) upon motion by the defendant or Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On November 1, 2007, which after the defendants final sentencing, the United States Sentencing Commission amended the Sentencing Guidelines specifically to offense pertaining the substance of cocaine base "Crack" in § 1B1.10. On December 11, 2007, the "Crack" Amendment was made retroactive, and to take effect March 3, 2008. **Id. § 1B1.10(c).**

Specifically, Mr. Harris respectfully submits that he was sentenced "... to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission ... " Defendant contends that this sentence herein; was calculated based upon the Guidelines under former § 2D1.1 which in has been amended. As such Mr. Harris respectfully request this Honorable Court to Modify his sentence.

### THE SUBSTANTIVE BASIS FOR THIS MOTION

Defendant submits that he was determined to be accountable for 50 grams or more in which reflected a total base offense level of 32 Criminal History

Category 1. Now, the Criminal Law Committee of the Judicial Conference, stated to the Commission on November 2, 2007, "that the main point remains that Judicial flexibility is consistent with the long-articulated view of the Judicial Conference that sentencing guidelines should not deprive a Judge of the discretion to reach an appropriate Sentence." See: **Letter from Criminal Law Committee at 5-6 (Nove. 2, 2007).** Mr. Harris submits that the court is required to treat the guidelines and policy statements as advisory after the Supreme Court decision in **Booker, Rita, Kimbrough,** and **Gall.** Further, the district court must consider all relevant statutory criteria in existence when a motion under Section 3582(c)(2) is filed, whether or not in existence at the time of the original sentencing. See: United States v. Reynolds, 111 F.3d 132 (Table)(6th Cir. 1997).

In **Booker, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)** the Supreme Court held that mandatory application of the U.S. Sentencing Guidelines violates a criminal defendant's right under the Sixth Amendment to have facts that increase sentence determined by a jury beyond a reasonable doubt. Mr. Harris submits that **Booker** abolished the Mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not consistent with any applicable policy statement, this Honorable Court is faced with the holding in **Booker**, and that it applies to § 3582(c)(2) and 3553(f) proceedings.

Additionally, Mr. Harris submits that in **Booker, 543 U.S. at 263, 125 S.Ct. 738,** explicitly stated that "as by now should be clear, [a] Mandatory system is no longer an open choice." See: also, **id** at **264, 125 S.Ct. 738 ("noting that district courts" "are not bonnd to apply the Guidelines").**

Mr. Harris asserts that while § 3582(C)(2) proceeding does not constitute full sentencings, their purpose is to give a defendants a new sentence. This resentencing, if granted while limited in certain respects, still results in the Judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentenced based on the Guidelines.

**WHEREFORE**, Mr. Harris respectfully submits that he is entitled to a two (2) level reduction in his base offense level. Mr. Harris new base offense level would be a level 32 a Criminal History Category 1, would reduce his base offense level to 30. With a Guideline Sentencing Range of 97 to 121 months of imprisonment. And if this Honorable Court holds it position and sentencing Mr. Harris to Low-End to reflect a range of 97 months.

### RELIEF PURSUANT TO § 3553(f)
#### the safety valve

Mr. Harris submits that "under Section 3582(c)(2) and 3553(f), a defendant sentenced to imprisonment based on a sentencing range subsequently lowered by the Sentencing commission may be entitled to a sentence reduction if the district court determines, in light of the factors set forth in 18 U.S.C. § 3553(a), that a reduction is consistent with applicable policy statements issued by the Commission." **United States v. William, 103 F.3d 57. 58 (8th Cir. 1996)(citing USSG § 1B1.10(a), (p.s.)**. This court has the discretion to Modify Harris's sentence because the Sentencing Commission explicitly authorized retroactive application of Amendment 706. U.S.S.G. § 1B1.10 (a)(c).

In **United States v. Mihm, (1998)**, the Court held that statutory safety valve provision was a general sentencing consideration that district court had to consider in resentencing defendant based on Sentencing guidelines Amendment that reduced his original sentencing range. But even if the Sentencing Guidelines Amendment does not reduced his original sentencing range based on the cocaine base, under Section 3553(f) applies "to all sentences imposed on or after" September 23, 1994. See: **Pub.L.No. 103-322, § 80001(c),108 Stat. 1986 (1994). (The Sentencing Commission promulgated U.S.S.G. § 5C1.2 to restate and explain § 3553(f))**.

The district court determined that Mihm is eligible for § 3582(c)(2) relief and turned to the safety valve. Section 3553(f) applies "to all sentences imposed on or after" September 23, 1994.

In <u>United States v. Wyatt,</u> the Court stated that a case decided after the district court issued it order in this case, the Court concluded:

> [A] motion to modify a sentence under Section 3582(c) occasioned by a retroactive amendment which alters a previous Guideline range, requires a district court to make two distinct determinations. <u>First</u>, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors ... intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. <u>Second</u>, having made the first determination, the district court must consider that determination together with the general sentencing considerations contained in section 3553(a) and, in the exercise of its thus in formed discretion, decide whether or not to modify the original sentence previously imposed.

Mr. Harris argues that the first determination mandated by U.S.S.G. § 1B1.10(b), defines the impact of the new amendment on the previous Guidelines range. Mr. Harris submits that the district court omitted this step in **Wyatt** , and this court should consider the <u>safety valve</u> under the § 3582(c)(2) motion.

Second, when a defendant is eligible for a § 3582(c)(2) reduction, the district court must consider all relevant statutory sentencing factors. The § 3553(f) safety valve is a general sentencing consideration that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2). **Read with** <u>Wyatt</u>, clarify that the grant of § 3582(c)(2) relief to Harris is a distinct sentencing exercise, one that results in a sentence "imposed on or after September 23, 1994. Thus, there is no retroactivity bar to applying § 3553(f) in these circumstances. When the original drug sentence was based upon a statutory mandatory minimum because the Guidelines had produced a lower sentencing range, this court should hold that § 3582(c)(2) relief is available because the original sentence was, in the words of the statute, "based on a sentencing range that has subsequently been lowered." § 3582(c)(2) relief is available, the defendant may take advantage of the § 3553(f) safety valve because 3582(c)(2) became effective November 1, 2007.

A fair reading of the statute makes § 3553(f) safety valve relief available to Harris because he is eligible for § 3583(c)(2) relief.

(6)

Therefore, it would violate the rule of lenity to deny § 3553(f) relief to Mr. Harris. In **United States v. Reynolds, 111 F.3d 132 (Table) (6th Cir. 1997);** the court vacated the conviction on April 1, 1997.

In **Settlembrino v. U.S.**, stated that the first issue for this Court is whether Settlembrino is eligible for resentencing under 18 U.S.C. § 3582(c)(2) and the current Sentencing Guidelines. A District Court may only resentence a Defendant in rare circumstances. One such circumstance is provided by 18 U.S.C. § 3582(c)(2).

Under Section 3582(c)(2) this court "has discretion to reduce the term of imprisonment of an already incarcerated defendant when the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Mr. Harris submits that he qualifies for Amendment 706 because it applies retroactively.

Defendant contends that to determine whether this change will allow this court to modify his term of imprisonment, section 3582(c)(2) and the Sentencing Guidelines requires, this Honorable Court to make two determinations. "First, th[is] court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." Sencond, this court must also "consider the factors listed in 3553(a) and determine whether or not to reduce the defendant's original sentence." **Id.**

**Safety Valve Provision:**

Mr. Harris argues that he qualifies for a Section 3582(c)(2) resentencing under the "Safety Valve" provision of the Guidelines. See: **U.S. Sentencing Guidelines Manual § 5C1.2 (2000); 18 U.S.C. § 3553(f).** The safety valve provision "permits a district court to sentence below the otherwise applicable statutory mandatory minimum sentence for certain drug offenses if five criteria are established:

**THE FIVE CRITERION ARE:**

    (1) the defendant does not have more than 1 criminal history point, as determined under the Sentencing guidelines;

 (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

 (3) the offense did not result in death or serious bodily injury to any person;

 (4) the defendant was not an organizer, leader, manager, or supervision of other in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

 (5) not later than the time of sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.  18 U.S.C. 3553(f)(1)-(5)

Therefore, Mr. Harris does qualify for section 3553(f) relief under his original sentence because the safety valve provision is retroactively ("The safety valve's enacting statute provide that it 'shall apply to all sentences imposed on or after' September 23, 1994."). Mr. Harris submit that he was sentence on December 8, 2005 and that the safety valve is retroactive to his original sentnece.

Mr. Harris asserts that the plain meaning of this language is clear. It applies to all sentences. As the Sixth Circuit has stated, there is nothing in the plain language of the statute or statutory history that "limits its application to initial sentencing or precludes its application when a Modified sentence is imposed." At **United States v. Reynolds, 111 F.3d 132 (6th Cir. 1997)(table), available in 1997 WL 152032**. Also, violent crime control and Law enforcement Act of 1994, Pub. L. No. 103-322, § 80001(c) 108 Stat. 1796, 1985-86 (emphasis added).

Moreover, Mr. Harris contends that this court should take into account that there is a second rational that support a ruling for him. because Amendment 706 is a retroactive guideline, it also necessarily should require retroactive

incorporation of the safety valve statute. Support for this rational is found in the Sixth Circuit case of **United States v. Gainous, (1997),** the Circuit held that "when a court resentences a defendant under another provision that is made retroactive by the guidelines, then the court can also consider the 'safety valve' provision." Id. At **134 F.3d 372 (6th Cir.)(table), available in 1997 WL 809977.**

Mr. Harris submits that this court should hold that "the grant of § 3582(c)(2) relief ... is a district sentencing exercise, one that results in a sentence imposed on or after' September 23, 1994." A District Court is required to used discretion in the second step of Section 3582(c)(2)_ analysis, then the court "must consider all relevant statutory sentencing factors" when resentencing under section 3582(c)(2).

Mr. Harris submits that even if this Honorable Court does not agree that a 3553(f) is a sentencing factor that a district court "must consider when resentencing under 3582(c)(2), a _fair_ reading of section 3582(c)(2) and 3553(f) evidence that it is within the District Court's discretion to make available safety valve relief to those that are eligible for § 3582(c)(2) relief.

Defendant submits that the application of 18 U.S.C. § 3553(f) factors to this particular case demonstrates that a modification of sentence is reasonable and justified.

**Wherefore,** Mr. Harris respectfully contends that there is ample justification pursuant to the factors set forth in 18 U.S.C. § 3553(f) for a modification of sentence on the basis of 18 U.S.C. § 3582(c)(2), and respectfully requests this Honorable Court to **Grant** the relief sought.

## CONCLUSION

Mr. Harris has established both a procedural and a substantive basis for [said] motion, pursuant to 18 U.S.C. § 3582(c)(2) for a modification. Mr. Harris ask this Honorable Court to grant a non-mandatory sentence based upon the statues

and Authority holdings stated herein. According, Mr. Harris respectfully requests that this Honorable Court to either enter an Order reducing his sentence to 73 months with the safety valve, for the reasons mentioned above, or alternatively, set this matter for an immediate evidentiary hearing, so that if necessary, he can develop into the record the facts to support the modification of sentence which he respectfully contends is justified in this case.

Respectfully Submitted,

/s/ _____
Carlos Antonio Harris #95321-022-MA
Federal Correctional Institution
P.O. Box 4000
Manchester, Ky. 40962-4000

**CERTIFICATE OF SERVICE**

I hereby Certify under the penalty of perjury that a true and correct copy of the foregoing motion to modify sentence was placed in the internal prison Mailbox here at the Federal Prison Camp at Manchester, Ky. Postage prepaid on this __14__ day of __May__ 2008, addressed to AUSA Helen Gilmor 300 Ala Moana Blvd., Honolulu, HI. 96850.

/s/ _____
Carlos Antonio Harris

(10)